

October 27, 2021

<u>**Via ECF Only**</u>
The Honorable Allyne R. Ross
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    **Justin Vasquez v. East Rockaway Center LLC, et al.**
             **EDNY Case No.:**    **1:21-cv-04916**
             **LJAA File No.:**     **0406.1001.NY00**

Dear Judge Ross:

      In accordance with Section III.A. of Your Honor's individual motion practices and rules, please allow the following to serve as Defendants' letter seeking a pre-motion conference with the Court, to discuss Defendants' bases for a motion for partial dismissal pursuant to F.R.C.P. 12(b)(6). This employment discrimination matter stems from the termination of Justin Vasquez, then-Assistant Director of Environmental Services for Lynbrook. In February of 2020, Mr. Vasquez was purportedly diagnosed with a torn left rotator cuff, for which he allegedly had surgery. Plaintiff's employment was terminated on September 2, 2020, after his leave was exhausted and he failed to return to work.

      Plaintiff's Complaint asserts the following eight causes of action as against all defendants:

1. FMLA – interference
2. FMLA – retaliation
3. ADA – failure to provide reasonable accommodation
4. ADA – retaliation
5. NYSHRL – failure to engage in interactive process
6. NYSHRL – retaliation
7. NYCHRL – failure to engage in interactive process
8. NYCHRL – retaliation

      For the reasons set forth below, Defendants respectfully request a pre-motion conference.

**I.    PLAINTIFF'S ADA CLAIMS SHOULD BE DISMISSED AS AGAINST THE INDIVIDUAL DEFENDANTS**

      It is well-settled that there is no individual liability under the ADA. *See Darcy v. Lippman*, 356 F. App'x 434, 437 (2d Cir. 2009) (summary order) ("[T]he ADA and ADEA… do not provide for actions against individual supervisors."); *Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001) ("[N]either Title II of the ADA nor § 504 of the Rehabilitation Act provides for individual capacity suits against state officials."); *Spiegel v. Schulmann*, 604 F.3d 72, 79 (2d Cir. 2010) ("[I]n the context of employment discrimination, the retaliation provision of the ADA...cannot provide for individual liability."); *Gomez v. N.Y.C. Police Dep't*, 191 F. Supp. 3d

293, 302-03 (S.D.N.Y. 2016) ("[T]here is no individual liability under the ADA."); *Lane v. Maryhaven Ctr. of Hope*, 944 F. Supp. 158, 161-62 (E.D.N.Y. 1996) (collecting cases finding that there is no individual liability under the ADA based on Second Circuit's decision in *Tomka v. Seiler Corp.,* 66 F.3d 1295 (2d Cir. 1995), which held there is no individual liability under a similar provision of Title VII).

Accordingly, Plaintiff's third and fourth causes of action should be dismissed as against Yiddy Eisen and Andrzej "Andrew" Urbaniak.

## II. THE ALLEGATIONS IN PLAINTIFF'S COMPLAINT WITH RESPECT TO THE INDIVIDUAL DEFENDANTS ARE INSUFFICIENT TO IMPUTE LIABILITY TO THOSE DEFENDANTS ON THE REMAINING CLAIMS AGAINST THEM

The only substantive allegations in Plaintiff's Complaint which make specific reference to "Yiddy" and "Andrew" are as follows:

- Upon information and belief, Yiddy (last name unknown) is a resident of the State of New York and at all times relevant herein, acted as an agent for Lynbrook such that his actions are attributable to Lynbrook under the doctrine of *respondeat superior*. Pl. Comp. at ¶9.

- Upon information and belief, Andrew (last name unknown) is a resident of the State of New York and at all times relevant herein, acted as an agent for Lynbrook such that his actions are attributable to Lynbrook under the doctrine of *respondeat superior*. Pl. Comp. at ¶10.

Plaintiff fails to allege any direct involvement by Eisen, Urbaniak, or any other individual, in Lynbrook's alleged violations. Plaintiff did not plead that either of the Individual Defendants had substantial control over the aspects of employment alleged to have been violated *i.e.* whether the Individual Defendants (1) had the power to hire and fire Plaintiff, (2) supervised and controlled Plaintiff's work schedule or conditions of employment, (3) determined the rate and method of payment, and (4) maintained Plaintiff's employment records.

It is respectfully submitted that these allegations are insufficient to sustain his claims against the Individual Defendants. The case of *Sutter v. Dibello*, 2019 WL 4195303 (E.D.N.Y. 2019) is instructive. In that case, plaintiff Dawn Sutter commenced an action against her employer, the New York State Unified Court System, and five of her supervisors and managers, asserting multiple causes of action, including claims of sex, race, and disability discrimination.

In analyzing FMLA claims against an individual supervisor, the Sutter court dismissed FMLA claims in a similar setting. In doing so, the *Sutter* court noted Plaintiff's failure to plead any direct involvement in the denial of FMLA leave by any of the Individual Defendants, along with Plaintiff's insufficient allegations from which to infer that Fisher or any of the other Individual Defendants controlled in whole or in part plaintiff's rights under the FMLA. A similar outcome should follow here. *See also Noia*, 93 F. Supp. 3d 13, 17 (E.D.N.Y. 2015)("[T]he Court need not decide whether the Plaintiff has adequately alleged a basis for individual liability against Dr. Puopolo under the FMLA. This is because the Plaintiff fails to allege direct involvement by

Dr. Puopolo in the alleged FMLA violation by the Defendant. This is fatal to the Plaintiff's proposed FMLA claim against Dr. Puopolo."); *Ziccarelli v. N.Y. Univ. Hosps. Ctr.*, 247 F. Supp. 3d 438, 446 (S.D.N.Y. 2017) ("[T]o survive a motion to dismiss, [the p]laintiff . . . must simply plead that the proposed [individual defendant employers] had substantial control over the aspects of employment alleged to have been violated." (internal quotation and citation omitted)).

IV. **PLAINTIFF'S CLAIMS FOR FAILURE TO ACCOMMODATE UNDER ADA, NYSHRL AND NYCHRL FAIL**

A plaintiff pleads a claim of discrimination on a failure to accommodate theory under the ADA, NYSHRL, and NYCHRL where she alleges: (1) that she was a person with a disability within the meaning of the statute; (2) her employer is a covered entity; (3) the plaintiff could perform the essential functions of her job with an accommodation; and (4) the defendant refused to make such an accommodation. *Thomson*, 2015 WL 5561209, at *18 (citing *McMillan v. City of New York*, 711 F.3d 120, 125-26 (2d Cir. 2013)) (articulating ADA pleading standard and finding that single allegation did not give rise to plausible inference of failure to accommodate); *Fernandez v. Windmill Distrib. Co.*, 159 F. Supp. 3d 351, 366 (S.D.N.Y. 2016) (applying similar standard to NYSHRL and NYCHRL disability discrimination claims).

Here, there is no allegation in Plaintiff's Complaint that he was able to perform the essential functions of his job with an accommodation. In fact, Plaintiff alleges that he "could not perform the essential functions of his position without reasonable accommodation." *See* Pl. Comp. at ¶61.

As such, Plaintiff's third, fifth, and seventh causes of action should be dismissed.[1]

The parties thank the Court for its time and attention to this matter.

Very truly yours,

*Kevin D. Clinton*

Kevin D. Clinton
kdclinton@lewisjohs.com
*New York City Office*

KDC/gd

cc:  **Via ECF and Electronic Mail Delivery**
Jonathan@shalomlawny.com
Jonathan Shalom Esq.
SHALOM LAW, PLLC
*Attorneys for Plaintiff*

---

[1] Lynbrook's Answer is currently due October 29, 2021. Lynbrook respectfully requests that the time for Lynbrook to answer the complaint be held in abeyance pending resolution of the instant application.