

**Phone:** (718) 971-9474| **Fax:** (718) 865-0943| **Email:** Jonathan@Shalomlawny.com
**Office:** 105-13 Metropolitan Avenue Forest Hills, New York 11375

October 31, 2021

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Allyne R. Ross, U.S.D.J.
225 Cadman Plaza East
Brooklyn, NY 11201-1804

Re:    Vasquez v. East Rockaway Center LLC, *et al.*
         Case No.: 1:21-cv-4916 (ARR) (TAM)
         <u>Plaintiff's Response in Opposition to Defendants' Letter Motion for Pre-Motion Conference</u>

Dear Judge Ross:

This office represents the Plaintiff in the above-referenced case. Plaintiff writes in response to Defendants' letter motion for a pre-motion conference, asserting that: (i) the Americans with Disabilities Act ("ADA") claims should be dismissed against the individual defendants; (ii) the remaining claims against the individual defendants must be dismissed for failure to state a claim; and (iii) Plaintiff's claims for failure to accommodate under federal, state, and local law must also be dismissed for failure to state a claim. For the reasons set forth below, Defendants' motion should be denied as a waste of judicial resources, and Plaintiff is prepared to stipulate to a voluntary dismissal of the ADA claims against the individual defendants.

Defendants assert that the only allegations in the complaint regarding the individual defendants are the paragraphs stating where they reside and that their actions are attributable to the corporate defendant. This is simply not true. Paragraph 1 of the complaint defines Defendants collectively as the corporate defendant and the individual defendant. The complaint further alleges that – *inter alia* – Defendants retaliated against Plaintiff (¶ 3), Defendants failed to engage in an interactive dialogue with Plaintiff (¶ 4), Defendants employed Plaintiff (¶ 11), Defendants were placed on notice of Plaintiff's disability (¶ 29), and Defendants interfered with Plaintiff's access to accommodations (¶ 33). Drawing all reasonable inferences and interpreting the complaint in a light most favorable to Plaintiff, there is enough to state claims against the individual defendants under the Family Medical Leave Act ("FMLA"), New York State Human Rights Law ("NYSHRL"), and New York City Human Rights Law ("NYCHRL"). To the extent that there is not, Plaintiff is entitled to amend his complaint even if this Court determines dismissal is appropriate under the applicable pleading standard. <u>See</u> <u>Hayden v. Cnty. of Nassau</u>, 180 F.3d 42, 53 (2d Cir. 1999); <u>see also</u> Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires"). In that regard, if this Court believes the allegations in the complaint are deficient, Plaintiff is amenable to foregoing motion practice and amending his complaint.

Defendants' ambit to dismiss Plaintiff's claims for failure to accommodate under federal, state, and local law is similarly misguided. In his complaint, Plaintiff adequately alleges that he has a disability (¶¶ 15, 22, 24, alleging that Plaintiff's rotator cuff in his left should had multiple tears in it should that his physician ordered Plaintiff to undergo immediate surgery). By virtue of having to undergo surgery, Plaintiff was undeniably prevented from performing major life activities. Similarly, the complaint adequately alleges that the employer here is a covered entity (¶¶ 6-7, 39, alleging that the corporate defendant is a private business employing fifty or more employees for each working day for at least twenty workweeks in the year prior to Plaintiff's leave).

Finally, Defendants argue that Plaintiff must plead that he was able to perform the essential functions of his job with reasonable accommodation and that this request was denied. This is a red herring for two reasons. First, under the ADA, a reasonable accommodation includes requests for leave due to a plaintiff's disability. See Clark v Jewish Childcare Ass'n, Inc., 96 F. Supp. 3d 237 (S.D.N.Y. 2015). Here, Plaintiff was instructed by a medical professional to immediately undergo surgery and thus sought leave due to his disability. Second, Plaintiff's claim for failure to provide a reasonable accommodation lies in Defendants' wholesale failure to engage in any interactive process whatsoever as required by the law. To the extent that this Court finds that the complaint is deficient (which it should not), leave to amend the complaint should be granted prior to engaging in wasteful motion practice, especially whereas here, the motion would not dispose of all claims.

Plaintiff thanks this honorable Court for its time and attention to this case.

Dated: Forest Hills, New York
October 31, 2021

Respectfully submitted,

**SHALOM LAW, PLLC**

/s/ *Jonathan Shalom*
Jonathan Shalom, Esq.
10513 Metropolitan Avenue
Forest Hills, NY 11375
(718) 971-9474 (office)
(718) 865-0943 (facsimile)
jonathan@shalomlawny.com

*Attorneys for Plaintiff*