UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JUSTIN VASQUEZ,

                              Plaintiff,

          -against-

EAST ROCKAWAY CENTER LLC d/b/a
LYNBROOK RESTORATIVE THERAPY &
NURSING, YIDDY EISEN, and  ANDRZEJ
"ANDREW" URBANIAK,

                              Defendants.
-------------------------------------------------------------------X

**Case No.: 1:21-cv-4916 (ARR) (TAM)**

**FIRST AMENDED COMPLAINT**

The Plaintiff, JUSTIN VASQUEZ (hereinafter "Plaintiff" or "Vasquez"), by and through

his attorneys, Shalom Law, PLLC, and pursuant to Rule 15 of the Federal Rules of Civil

Procedure (hereinafter "Rules" or "Rule") and this Court's November 1, 2021 Order permitting

amendment of same, alleges and states as follows:

## PRELIMINARY STATEMENT & NATURE OF THE ACTION

1.      Plaintiff brings this action against EAST ROCKAWAY CENTER LLC d/b/a

LYNBROOK RESTORATIVE THERAPY & NURSING (hereinafter "Lynbrook" or the

"Corporate Defendant"), Yiddy Eisen (hereinafter "Eisen") and Andrzej "Andrew" Urbaniak

(hereinafter "Urbaniak") (Eisen and Urbaniak hereinafter the "Individual Defendants") (the

Corporate Defendant and the Individual Defendants collectively hereinafter the "Defendants"),

his former employer.

2.      Plaintiff was discriminated against by Defendants because of his disability, in

violation of the Family and Medical Leave Act (hereinafter, the "FMLA"), 29 U.S.C. §

2615(a)(1), the Americans with Disabilities Act (hereinafter the "ADA"), 42 U.S.C. §§ 12101, *et*

*seq.*, New York State Human Rights Law (hereinafter the "NYSHRL"), N.Y. Exec. Law §

296(1)(a), and the New York City Human Rights Law (hereinafter the "NYCHRL"), N.Y.C. Admin. Code § 8-107(1)(a).

3.      Additionally, Plaintiff was subjected to egregious retaliation by Defendants, up to and including being wrongfully terminated, for requesting time off of work due to his disability and to undergo and recover from surgery, which further violates the FMLA, ADA, the NYSHRL, and the NYCHRL.

4.      In this action, Plaintiff is seeking (i) compensatory damages; (ii) punitive damages; (iii) statutory attorneys' fees; (iv) back pay; (v) front pay; (vi) liquidated damages; (vii) emotional distress damages; and (viii) any other form of relief available by law or by equity, from Defendants for its discrimination and retaliation against the Plaintiff for exercising his statutory rights to take job-protected leave under the FMLA, for Defendants' failure to engage in an interactive dialogue to determine whether Plaintiff may be entitled to a reasonable accommodation under the ADA, NYSHRL, and the NYCHRL, and for otherwise discriminating and retaliating against Plaintiff on account of his disability during his employment for availing himself of his rights under the foregoing laws.

## PARTIES

5.      Plaintiff is a citizen of the State of New York, currently residing in Kings County. The discrimination and retaliation he endured therefore occurred such that its impact was felt within the City of New York.

6.      Plaintiff was an employee of Lynbrook, as defined by the FMLA, ADA, NYSHRL, and NYCHRL, respectively, as he was employed to work for the benefit of Defendants at all relevant times from in or about 2017 through September 2, 2020.

7.      Defendant Lynbrook is a domestic limited liability company duly organized within the State of New York with its principal place of business in Nassau County, New York.

8.      At all times relevant, Lynbrook had at least fifteen (15) employees.

9.      Upon information and belief, Lynbrook maintains offices and does business in Nassau County in the State of New York.

10.      Upon information and belief, Eisen is a resident of the State of New York and at all times relevant herein, acted as an agent for Lynbrook such that his actions are attributable to Lynbrook under the doctrine of *respondeat superior*.

11.      Eisen had the power to hire and fire Plaintiff, supervise and control Plaintiff's work schedule and conditions of employment, and participated in decisions concerning the rate and method of payment for Plaintiff's work.

12.      Upon information and belief, Urbaniak is a resident of the State of New York and at all times relevant herein, acted as an agent for Lynbrook such that his actions are attributable to Lynbrook under the doctrine of *respondeat superior*.

13.      Urbaniak had the power to hire and fire Plaintiff, supervise and control Plaintiff's work schedule and conditions of employment, and participated in decisions concerning the rate and method of payment for Plaintiff's work.

14.      The Individual Defendants each maintained Plaintiff's employment records.

15.      Accordingly, Defendants are an employer as defined by the FMLA, ADA, NYSHRL, and NYCHRL.

## JURISDICTION, VENUE, AND EXHAUSTION OF ADMINISTRATIVE REMEDIES

16.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that

this is a civil action arising under numerous federal laws, including, *inter alia*, the FMLA (cite)

and the ADA (42 U.S.C. § 12101).

17.     This Court has supplemental jurisdiction over Plaintiff's related claims arising

under the NYSHRL and the NYCHRL pursuant to 28 U.S.C. § 1367(a) because they arise under

a common nucleus of operative facts.

18.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because the

unlawful employment practices were committed in the Eastern District of New York.

19.     In or about February of 2020, Plaintiff was diagnosed with severely torn rotator

cuff in his left shoulder, a serious health condition that he needed surgery for, which required

him to take time off to take care of his health, as is within his statutory rights.

20.     Yet, Defendants took this opportunity to callously discriminate against Plaintiff

based on his serious health condition and disability, deny him his rights under the FMLA, ADA,

NYSHRL, and NYCHRL, and then wrongfully and unlawfully terminating Plaintiff when he

sought to return to work in September of 2020 after he completed his medically-required leave.

21.     Accordingly, on June 1, 2021, Plaintiff timely filed a charge of disability

discrimination and retaliation with the United States Equal Employment Opportunity

Commission (hereinafter the "EEOC").

22.     Plaintiff subsequently received a Notice of Right to Sue Letter on August 13,

2021.  A copy of the notice is annexed hereto as **Exhibit "A."**

23.     Plaintiff has therefore fully complied with all prerequisites to jurisdiction in this

Court under the ADA.

## FACTS

24.     For more than four (4) years, Plaintiff dedicated himself tirelessly to the performance of his duties while employed for the benefit of Lynbrook.

25.     Throughout his tenure at Lynbrook, Plaintiff received exemplary performance reviews and maintained a virtually unblemished record of employment, rendering him qualified for his position.

26.     Throughout his tenure at Lynbrook, Plaintiff was supervised and managed by the Individual Defendants, who each had the power to control his schedule.

27.     Unfortunately, in or about February 2020, Plaintiff was diagnosed with a serious medical condition that required him to take time off to take care of his health and obtain a surgery.

28.     At that time, Plaintiff had been working for more than a year and had worked more than 1,250 hours within that year.

29.     Specifically, Plaintiff was informed by his physician that his rotator cuff in his left shoulder had multiple tears in it, and the physician ordered Plaintiff to undergo immediate surgery to prevent the rotator cuff from being further damaged.

30.     Such diagnosis qualifies as a "serious health condition" under the FMLA.

31.     Despite this, Plaintiff was never provided notice of his rights under the FMLA.

32.     Additionally, because Plaintiff's medical condition required him to take time off of work to undergo multiple surgeries, Plaintiff constitutes an individual with a qualified disability under the ADA, 29 C.F.R. § 1630.2(g)(1).

33.     Moreover, due to his condition, Plaintiff's ability to engage in major life activities such as reaching, lifting, carrying things, gripping objects, and even driving were substantially

limited, as is described under the ADA, as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12102(2)(A) and 29 C.F.R. § 1630.2(i).

34.     Defendants were immediately put on notice of Plaintiff's disability on the very date he was diagnosed in December of 2019.  Specifically, Plaintiff notified the Individual Defendants about his serious health condition and need for time off to undergo and recover from surgery.

35.     Upon information and belief, though the Individual Defendants understood that Plaintiff needed time off from work due to his medical condition, neither provided Plaintiff with any notice concerning his statutory entitlement to unpaid leave and rights to job protection for taking same.

36.     Upon information and belief, nor did either Individual Defendant cause someone else at Lynbrook to provide notice of Plaintiff's rights to job protected leave by notifying someone at Lynbrook of Plaintiff's serious medical condition which required time off from work.

37.     Furthermore, later on in January and February of 2020, as Plaintiff continued meeting with his physician, he was instructed by his health care provider to stay home from work until further notice so that he could undergo surgery on his left shoulder on February 6, 2020, which Plaintiff promptly and timely informed Defendants of by providing medical notes from both his physician and his surgeon.

38.     Indeed, Mr. Vasquez submitted additional letters from his doctors to Lynbrook in or about March 2020, May 2020, and September 2020, and these letters constituted additional notice to Lynbrook that Mr. Vasquez was to remain out of work in light of his condition, which constituted both a disability and a serious health condition.

39.     Specifically, Plaintiff informed the Individual Defendants of the status of his medical condition in order to keep them apprised of his ability (or inability) to return to work.

40.     Upon information and belief, the Individual Defendants each had the power to provide Plaintiff with notice of his rights to job-protected leave and failed to.

41.     Indeed, despite Plaintiff's good faith efforts to keep Defendants informed of the status of his disability and ability to return to work, Defendants instead discriminated against him, denied him any reasonable accommodation such as light duty (refusing even to engage in an interactive dialogue with him to assess the extent of his physical limitations and determine whether any accommodation could be provided), unlawfully retaliating against him for giving notice of his need for leave, and finally, wrongfully and unlawfully terminating him at the exact time when he most needed his legal right to job protection.

42.     After some time passed and Plaintiff recovered somewhat from his surgery, Plaintiff was cleared to work light duty.

43.     As such, Plaintiff was able to perform the essential functions of his job with an accommodation.

44.     Plaintiff informed the Defendants that he was cleared to return to work on the condition that he be given light duty assignments, but the Defendants did not respond to him.

45.     Defendants thus refused to make any such accommodation by ignoring his request to work light duty and by failing to provide him with notice of his rights, as is required by law.

46.     Such actions are in direct violation of the ADA, 42 U.S.C. § 12111(9).

47.     Specifically, when Plaintiff sought to discuss his return to work with the Individual Defendants, the Individual Defendants gave him the run-around and ultimately terminated him on or about September 2, 2020; a date that fell in the midst of his medical leave,

which was supported by his medical records, and was undoubtedly within the knowledge of Defendants.

48.     As a result of the foregoing, Defendants' deliberate, willful, and unlawful employment practices to our client have caused him to suffer: (a) loss of salary, wages, and benefits; (b) severe emotional distress, pain and suffering; and (c) other statutory damages and attorneys' fees.

49.     Accordingly, Plaintiff is entitled to recover the maximum amount of damages recoverable in this jurisdiction, as well as any such additional or alternative relief as the Court deems just and proper.

## COUNT ONE

### Interference in Violation of the FMLA, 29 U.S.C. § 2615(a)(1) (all Defendants)

50.     Plaintiff hereby repeats and realleges each and every paragraph above as though fully set forth herein.

51.     Defendants are an employer covered by the FMLA pursuant to 29 U.S.C. §2601, *et seq.*, because it is a private business employing fifty or more employees for each working day for at least twenty workweeks in the year prior to Plaintiff's leave.

52.     Plaintiff is an FMLA-eligible employee because he was employed by Lynbrook for more than a year prior to requesting FMLA leave and been employed by Lynbrook for over 1,250 hours in the twelve (12) month period prior to his request.

53.     Plaintiff was entitled to FMLA leave because he suffered from a serious health condition that required him to take time off from work.

54.     In accordance with the FMLA, in February of 2020 on the day Plaintiff was diagnosed with a severely torn rotator cuff in his left shoulder, Plaintiff informed Defendants of his diagnosis and his need for medical attention.

55.     Plaintiff was thus eligible for benefits under the FMLA.

56.     Defendants, however, engaged in prohibited conduct under the FMLA by interfering with, concealing, refusing, restraining, and/or denying Plaintiff's rights provided under the FMLA.

57.     Defendants denied Plaintiff a benefit to which he is entitled under the FMLA in that they refused to provide him with notice of his rights under the FMLA pursuant to 29 U.S.C. § 2615(a)(1).

58.     Further, Defendants discouraged and prevented Plaintiff from obtaining benefits by failing and otherwise refusing to provide him with notice of his rights.

59.     Defendants' actions utterly foreclosed Plaintiff's rights under the FMLA, including but not limited to his right to be returned to his position after taking lawful FMLA leave.

60.     As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has suffered and continues to suffer substantial losses, including expenses related to additional medical treatment and past and future lost wages and benefits.

61.     Plaintiff is also entitled to liquidated damages and attorneys' fees and costs, and other damages as recoverable by law.

## COUNT TWO

**Retaliation in Violation of the FMLA, 29 U.S.C. § 2615(a)(2) (all Defendants)**

51.     Plaintiff hereby repeats and realleges each and every paragraph above as though fully set forth herein.

52.     Plaintiff exercised his FMLA rights by taking FMLA leave from his job from February 2020 through September 2, 2020 when Defendants unlawfully terminated him.

53.     Plaintiff was qualified for his position and had performed his job duties effectively prior to the acts complained of here.

54.     Plaintiff suffered an adverse employment action in that he was subjected to, among other things, wrongful termination.

55.     Defendants began disparate treatment of Plaintiff immediately after he sought leave, and their disparate treatment culminated in his termination when he sought extended leave for his disability.

56.     Defendants' decision to fire Plaintiff during his job-protected leave occurred immediately after he sought leave for his disability, making it clear that Defendants fired Plaintiff because he sought to utilize the job-protected leave to which he was rightfully entitled.

57.     Thus, Defendants' conduct constitutes unlawful retaliation against Plaintiff in violation of his rights under the FMLA, 29 U.S.C. § 2615(a).

58.     As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has suffered and continues to suffer substantial losses, including expenses related to additional medical treatment and past and future lost wages and benefits.

59.     Plaintiff is also entitled liquidated damages and attorneys' fees and costs, and other damages as recoverable by law.

## COUNT THREE

**Failure to Provide a Reasonable Accommodation in Violation of the ADA**
**42 U.S.C. §§ 12181, *et seq*. (solely the Corporate Defendant)**

60.     Plaintiff hereby repeats and realleges each and every paragraph above as though

fully set forth herein.

61.     In February of 2020, Plaintiff was diagnosed with a serious health condition,

making him a "qualified individual with a disability" within the meaning of 42 U.S.C. § 12111

of the ADA. Plaintiff could not perform the essential functions of his position until he was

cleared to return to work and perform light duty assignments.

62.     In or about March 2020, May 2020, and September 2020, Plaintiff notified

Defendants about his disability and requested a reasonable accommodation for, initially, leave

and/or extended leave, and then to return to work to perform light duty assignments.

63.     However, Lynbrook refused and failed to engage in any interactive process with

Plaintiff to determine whether any reasonable accommodation could be made at any point in

time, effectively denied each of the Plaintiff's requests for extended leave and to perform light

duty, and summarily terminated him upon his repeated requests to return to work.

64.     Plaintiff suffered damages as a result of Lynbrook's unlawful discriminatory

actions, including emotional distress, past and future lost wages and benefits and the costs of

bringing this action.

65.     Furthermore, because Defendants intentionally violated Plaintiff's rights under

the ADA with malice or reckless indifference, Defendants are liable for punitive damages.

## COUNT FOUR

### Retaliation in Violation of the ADA, 42 U.S.C. §§ 12181, *et seq.*
### (solely the Corporate Defendant)

66.     Plaintiff hereby repeats and realleges each and every paragraph above as though fully set forth herein.

67.     Plaintiff was qualified for his position when Defendants fired him.

68.     In or about February of 2020, Plaintiff engaged in protected activity by requesting reasonable accommodations for his disability.

69.     Specifically, in one of the first days of February 2020 when Plaintiff was informed of his serious health condition by his physician, Plaintiff immediately turned in a medical note to Defendants instructing Plaintiff to remain out of work due to his medical condition until further notice, and Plaintiff subsequently took this leave.

70.     Unfortunately, however, shortly after Plaintiff made a request for additional leave, Defendants summarily fired him in September of 2020, stating that Plaintiff's FMLA leave had ran out and that.

71.     However, upon information and belief, Defendants' alleged reason for terminating Plaintiff's employment is pretextual and baseless, which is evidenced.

72.     Defendants fired Plaintiff because he requested reasonable accommodations for his disability, as no one else was terminated.

73.     Plaintiff suffered damages as a result of Lynbrook's unlawful retaliatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

74.     Defendants intentionally violated Plaintiff's rights under the ADA, with malice or reckless indifference, and, as a result, are liable for punitive damages.

## COUNT FIVE

### Discrimination in Violation of the NYSHRL, N.Y. Exec. Law § 296 (all Defendants)

75.     Plaintiff hereby repeats and realleges each and every paragraph above as though fully set forth herein.

76.     Pursuant to the NYSHRL, N.Y. Exec. Law § 296(1)(a), it shall be an unlawful discriminatory practice for an employer to refuse to hire or employ or to bar or to discharge from employment an individual because of an individual's disability or to discriminate against such individual in compensation or in terms, conditions, or privileges of employment.

77.     Pursuant to the NYSHRL § 297(9), any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages and such other remedies as may be appropriate.

78.     Additionally, according to NYSHRL § 296(6), it shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel, or coerce the doing of any of the acts forbidden under this article, or attempt to do so.

79.     Defendants, however, discriminated against Plaintiff in the terms and conditions of his employment because of his disability, in violation of § 296(1)(a) of the NYSHRL.

80.     Plaintiff has been disabled since in or about February of 2020, and therefore is a member of a protected class under the NYSHRL.

81.     Despite having knowledge of Plaintiff's disability, Lynbrook still chose to engage in a course of conduct, as stated above, which resulted in adverse employment actions against Plaintiff because of his disability, including but not limited to failing to engage with Plaintiff in an interactive process to determine whether a reasonable accommodation could be offered.

82.     As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

## COUNT SIX

### Retaliation in Violation of the NYSHRL, N.Y. Exec. Law § 296 (all Defendants)

83.     Plaintiff hereby repeats and realleges each and every paragraph above as though fully set forth herein.

84.     Pursuant to the NYSHRL, it shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has opposed any practices forbidden under this article or because he or she has filed a complaint, testified, or assisted in any proceedings under this article.  See N.Y. Exec. Law § 296(7).

85.     Plaintiff engaged in a protected activity under the NYSHRL by requesting reasonable accommodations.

86.     Upon information and belief, Defendants were aware of his protected activity.

87.     However, Defendants undertook adverse employment actions in response to Plaintiff's protected activity by denying his requests, failing to notify him of his right to engage in an Interactive Dialogue option, and finally by terminating him.

88.     As a proximate result of Lynbrook's unlawful conduct, Plaintiff has suffered emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

## COUNT SEVEN

### Discrimination in Violation of the NYCHRL, N.Y.C. Admin. Code § 8-107(1)(a)
### (all Defendants)

89.     Plaintiff hereby repeats and realleges each and every paragraph above as though fully set forth herein.

90. The NYCHRL § 8-107(1)(a) provides that it shall be an unlawful discriminatory practice for an employer or an employee or agent thereof, because of the actual or perceived disability of any person to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions, or privileges of employment.

91. Pursuant to the NYCHRL § 8-107(13), an employer is liable for unlawful discriminatory practices based upon the conduct of an employee where the employee exercised managerial or supervisory responsibility, or the employer knew of the employee's or agent's discriminatory conduct and acquiesced in such conduct or failed to take immediate and appropriate corrective action.

92. Furthermore, an employer shall be deemed to have knowledge of an employer's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility, or the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

93. Pursuant to the NYCHRL § 8-107(6), it shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel, or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so.

94. Additionally, according to NYCHRL § 8-502., any person claiming to be aggrieved by an unlawful discriminatory practice as defined in chapter one of this title shall have a cause of action in any court of competent jurisdiction for damages, including punitive damages, and for injunctive relief and such other remedies as may be appropriate.

15

95.     Lynbrook discriminated against Plaintiff because of his disability in violation of § 8-107(1)(a) of the NYCHRL.

96.     Since Plaintiff has been disabled since in or about February of 2020, he therefore is a member of a protected class under the NYCHRL.

97.     Although Defendants were entirely informed of Plaintiff's disability, they still willfully engaged in a course of conduct, as stated above, which resulted in adverse employment actions against Plaintiff because of his disability, including but not limited to failing to engage with Plaintiff in an interactive process to determine whether a reasonable accommodation could be offered.

98.     As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

## COUNT EIGHT

**Retaliation in Violation of the NYCHRL, N.Y.C. Admin. Code § 8-107(7) (all Defendants)**

99.     Plaintiff hereby repeats and realleges each and every paragraph above as though fully set forth herein.

100.    Pursuant to the NYSHRL, N.Y.C. Admin. Code § 8-107(7), "it shall be an unlawful discriminatory practice to retaliate or discriminate against any person because such person has opposed any practice forbidden under this chapter, filed a complaint, testified, or assisted in any proceeding under this chapter, commenced a civil action alleging the commission of an act which would be an unlawful discriminatory practice under this chapter, assisted the commission or the corporation counsel in an investigation commenced pursuant to this title, or provided any information to the commission pursuant to the terms of a conciliation agreement made pursuant to § 8-115 of this chapter."

101.    Accordingly, New York City prohibits employers from taking adverse actions that would "dissuade a reasonable worker from making or supporting a charge of discrimination."

102.    Additionally, Courts have repeatedly held that making a request for a reasonable accommodation is analogous to making or supporting a charge of discrimination and cannot be retaliated against (see, e.g., *Solomon v. Vilsack*, 763 F.3d 1, 15 n.6 (D.C. Cir. 2014) (citing rulings from every Federal Circuit Court holding that requests for reasonable accommodation are protected activities).

103.    Thus, Plaintiff engaged in protected activity under the NYCHRL by requesting a reasonable accommodation for his disability.

104.    Upon information and belief, Defendants were aware of Plaintiff's protected activity.

105.    Yet still, Defendants undertook an adverse employment action against Plaintiff by refusing his requests for accommodations and terminating him.

106.    Lynbrook undertook these adverse employment actions against Plaintiff because he had been recently diagnosed with a disability and required medical leave, an unlawful motive under the NYCHRL.

107.    And as a proximate result of Defendants' conduct, Plaintiff has suffered emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment from the Defendants as follows:

    A.  Accept jurisdiction over this matter;

17

B.  Award Plaintiff for his past and future loss of wages, and benefits, plus statutory prejudgment and post-judgment interest;

C.  Award of front pay to Plaintiff (including benefits);

D.  Award of backpay to Plaintiff;

E.  Award of liquidated damages to Plaintiff for damages incurred in connection with this action, equal to the sum amount of backpay and interest or as otherwise provided by the causes of action;

F.  Award of all costs and reasonable attorneys' fees to Plaintiff for all costs incurred in connection with this action;

G.  Award of compensatory damages to Plaintiff;

H.  Award of emotional distress damages to Plaintiff;

I.  Award of punitive damages to Plaintiff for Defendants' willful, reckless, intentional, knowing, and/or malicious misconduct; and

J.  A grant of any such additional or alternative relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury on all claims properly triable by a jury pursuant to Rule 38(b).

Dated: Forest Hills, New York
       November 12, 2021

Respectfully submitted,

**SHALOM LAW, PLLC**

*/s/ Jonathan Shalom*
Jonathan Shalom, Esq.
105-13 Metropolitan Avenue
Forest Hills, NY 11375-6737
(718) 971-9474 (office)
Jonathan@ShalomLawNY.com

*Attorneys for Plaintiff*

19