UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
JUSTIN VASQUEZ,                                    **Case No.: 1:21-cv-04916**

                               Plaintiff(s),

                   -against-

EAST ROCKAWAY CENTER LLC d/b/a
LYNBROOK RESTORATIVE THERAPY &
NURSING, YIDDY EISEN, and ANDRZEJ
"ANDREW" URBANIAK,

                               Defendant(s).
--------------------------------------------------------------------X

### DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants East Rockaway Center LLC d/b/a Lynbrook Restorative Therapy & Nursing ("Lynbrook"), Yiddy Eisen and Andrzej "Andrew" Urbaniak, by their attorneys, LEWIS JOHS AVALLONE AVILES, LLP, answering Plaintiff's First Amended Complaint, respectfully set forth and allege the following:

### AS AND FOR AN ANSWER TO THE SECTION ENTITLED "PRELIMINARY STATEMENT & NATURE OF THE ACTION

1.      Lynbrook admits that Plaintiff purports to bring this action against Lynbrook, Yiddy Eisen and Andrzej "Andrew" Urbaniak (Eisen and Urbaniak collectively hereinafter the "Individual Defendants") (Lynbrook and the Individual Defendants collectively hereinafter the "Defendants"), his former employer.

2.      Defendants deny the allegations contained in paragraph "2" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

3.      Defendants deny the allegations contained in paragraph "3" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

4.      Defendants admit that Plaintiff is seeking (i) compensatory damages; (ii) punitive damages; (iii) statutory attorneys' fees; (iv) back pay; (v) front pay; (vi) liquidated damages; (vii) emotional distress damages; and (viii) any other form of relief available by law or by equity. Defendants deny the remainder of the allegations contained in paragraph "4" of Plaintiff's First Amended Complaint.

## AS AND FOR AN ANSWER TO THE SECTION ENTITLED "PARTIES"

5.      Defendants deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "5" of Plaintiff's First Amended Complaint with respect to Plaintiff's citizenship and respectfully refers all questions of law to this Honorable Court. Defendants deny the remainder of the allegations contained in paragraph "5" of Plaintiff's First Amended Complaint.

6.      Defendants deny the allegations contained in paragraph "6" of Plaintiff's First Amended Complaint, except admit that Plaintiff was employed by Lynbrook from October of 2017 through September 2, 2020.

7.      Defendants admit the allegations contained in paragraph "7" of Plaintiff's First Amended Complaint.

8.      Defendants admit the allegations contained in paragraph "8" of Plaintiff's First Amended Complaint.

9.      Defendants admit the allegations contained in paragraph "9" of Plaintiff's First Amended Complaint.

10.     Defendants admit that Eisen is a resident of the State of New York. Defendants deny the remainder of the allegations contained in paragraph "10" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

11.     Defendants admit the allegations contained in paragraph "11" of Plaintiff's First Amended Complaint.

12.     Defendants deny having knowledge or information sufficient to form a belief as to Urbaniak's current residency. Defendants deny the remainder of the allegations contained in paragraph "12" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

13.     Defendants deny admit the allegations contained in paragraph "13" of Plaintiff's First Amended Complaint.

14.     Defendants deny admit the allegations contained in paragraph "14" of Plaintiff's First Amended Complaint, except admit that Lynbrook maintained Plaintiff's employment records.

15.     Defendants deny the allegations contained in paragraph "15" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

**AS AND FOR AN ANSWER TO THE SECTION ENTITLED**
**"JURISDICTION, VENUE, AND EXHAUSTION OF ADMINISTRATIVE REMEDIES"**

16.     Defendants deny the allegations contained in paragraph "16" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

17.     Defendants deny the allegations contained in paragraph "17" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

18.     Defendants deny the allegations contained in paragraph "18" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

19.     Defendants deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "19" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

3

20.     Defendants deny the allegations contained in paragraph "20" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

21.     Defendants deny the allegations contained in paragraph "21" of Plaintiff's First Amended Complaint, except admit that Plaintiff filed a charge of disability discrimination and retaliation with the U.S. Equal Employment Opportunity Commission on or about May 25, 2021.

22.     Defendants deny the allegations contained in paragraph "22" of Plaintiff's First Amended Complaint, except admit that the U.S. Equal Employment Opportunity Commission issued a notice of right to sue to Plaintiff dated August 13, 2021.

23.     Defendants deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "23" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

**AS AND FOR AN ANSWER TO THE SECTION ENTITLED "FACTS"**

24.     Defendants deny the allegations contained in paragraph "24" of Plaintiff's First Amended Complaint.

25.     Defendants deny the allegations contained in paragraph "25" of Plaintiff's First Amended Complaint.

26.     Defendants deny the allegations contained in paragraph "26" of Plaintiff's First Amended Complaint, except admit that, at certain times during Plaintiff's employment did the Individual Defendants have the power to control Plaintiff's schedule.

27.     Defendants deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "27" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

28.     Defendants admit the allegations contained in paragraph "28" of Plaintiff's First Amended Complaint.

29.     Defendants deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "29" of Plaintiff's First Amended Complaint.

30.     Defendants deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "30" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

31.     Defendants deny the allegations contained in paragraph "31" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

32.     Defendants deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "32" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

33.     Defendants deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "33" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

34.     Defendants deny the allegations contained in paragraph "34" of Plaintiff's First Amended Complaint, except admit that Plaintiff filled out a notice and proof of claim for disability benefits, which indicated that the disability at issue was first treated on January 18, 2018.

35.     Defendants deny the allegations contained in paragraph "35" of Plaintiff's First Amended Complaint.

36.     Defendants deny the allegations contained in paragraph "36" of Plaintiff's First Amended Complaint.

37.     Defendants deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "37" of Plaintiff's First Amended Complaint regarding Plaintiff's visits with his physician and/or health care provider. Defendants deny the remainder of the allegations contained in paragraph "37" of Plaintiff's First Amended Complaint.

38.     Defendants deny the allegations contained in paragraph "38" of Plaintiff's First Amended Complaint, except admit that Plaintiff's treating doctor Dr. Serrette issued a note dated May 26, 2020 clearing Plaintiff to work, with restrictions.

39.     Defendants deny the allegations contained in paragraph "39" of Plaintiff's First Amended Complaint.

40.     Defendants deny the allegations contained in paragraph "40" of Plaintiff's First Amended Complaint.

41.     Defendants deny the allegations contained in paragraph "41" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

42.     Defendants deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "42" of Plaintiff's First Amended Complaint.

43.     Defendants deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "43" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

44.     Defendants deny the allegations contained in paragraph "44" of Plaintiff's First Amended Complaint.

45.     Defendants deny the allegations contained in paragraph "45" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

46.     Defendants deny the allegations contained in paragraph "46" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

47.     Defendants deny the allegations contained in paragraph "47" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

48.     Defendants deny the allegations contained in paragraph "48" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

49.     Defendants deny the allegations contained in paragraph "49" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

## AS AND FOR AN ANSWER TO COUNT ONE

50.     In response to paragraph "50" of Plaintiff's First Amended Complaint, Defendants repeat, reiterate, and reallege each and every response as previously set forth in paragraphs "1" through "49" above with the same force and effect as if fully set forth herein.

51.     Defendants deny the allegations contained in paragraph "51" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

52.     Defendants deny the allegations contained in paragraph "52" of Plaintiff's First Amended Complaint, except admits that, as of February of 2020, Plaintiff had been working more than a year and had worked more than 1,250 within that year.

53.     Defendants deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "53" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

54.     Defendants deny the allegations contained in paragraph "54" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

55.     Defendants deny the allegations contained in paragraph "55" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

56.     Defendants deny the allegations contained in paragraph "56" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

57.     Defendants deny the allegations contained in paragraph "57" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

58.     Defendants deny the allegations contained in paragraph "58" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

59.     Defendants deny the allegations contained in paragraph "59" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

60.     Defendants deny the allegations contained in paragraph "60" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

61.     Defendants deny the allegations contained in paragraph "61" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

## AS AND FOR AN ANSWER TO COUNT TWO

62.     In response to the second paragraph numbered "51" of Plaintiff's First Amended Complaint, Defendants repeat, reiterate, and reallege each and every response as previously set forth in paragraphs "1" through "61" above with the same force and effect as if fully set forth herein.

63.     Defendants deny the allegations contained in second paragraph numbered "52" of Plaintiff's First Amended Complaint, except admit that Plaintiff left his job in February of 2020 and never returned to work.

64.     Defendants deny the allegations contained in the second paragraph numbered "53" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

65.     Defendants deny the allegations contained in the second paragraph numbered "54" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

66.     Defendants deny the allegations contained in the second paragraph numbered "55" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

67.     Defendants deny the allegations contained in the second paragraph numbered "56" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

68.     Defendants deny the allegations contained in the second paragraph numbered "57" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

69.     Defendants deny the allegations contained in the second paragraph numbered "58" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

70.     Defendants deny the allegations contained in the second paragraph numbered "59" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

## AS AND FOR AN ANSWER TO COUNT THREE

71.     In response to the second paragraph numbered "60" of Plaintiff's First Amended Complaint, Defendants repeat, reiterate, and reallege each and every response as previously set forth in paragraphs "1" through "70" above with the same force and effect as if fully set forth herein.

72.     Defendants deny having knowledge or information sufficient to form a belief as to the allegations contained in the second paragraph numbered "61" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

73.     Defendants deny the allegations contained in the paragraph numbered "62" of Plaintiff's First Amended Complaint, except admit that Plaintiff's treating doctor Dr. Serrette issued a note dated May 26, 2020 clearing Plaintiff to work, with restrictions.

74.     Defendants deny the allegations contained in the paragraph numbered "63" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

75.     Defendants deny the allegations contained in the paragraph numbered "64" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

76.     Defendants deny the allegations contained in the paragraph numbered "65" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

## AS AND FOR AN ANSWER TO COUNT FOUR

77.     In response to paragraph "66" of Plaintiff's First Amended Complaint, Defendants repeat, reiterate, and reallege each and every response as previously set forth in paragraphs "1" through "76" above with the same force and effect as if fully set forth herein.

78.     Defendants deny the allegations contained in paragraph "67" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

79.     Defendants deny the allegations contained in paragraph "68" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

80.     Defendants deny the allegations contained in paragraph "69" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

81.     Defendants deny the allegations contained in paragraph "70" of Plaintiff's First Amended Complaint, except admit that Plaintiff's employment with Lynbrook was terminated September 2, 2020.

82.     Defendants deny the allegations contained in paragraph "71" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

83.     Defendants deny the allegations contained in paragraph "72" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

84.     Defendants deny the allegations contained in paragraph "73" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

85.     Defendants deny the allegations contained in paragraph "74" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

**AS AND FOR AN ANSWER TO COUNT FIVE**

86.     In response to paragraph "75" of Plaintiff's First Amended Complaint, Defendants repeat, reiterate, and reallege each and every response as previously set forth in paragraphs "1" through "85" above with the same force and effect as if fully set forth herein.

87.     Defendants admits the allegations contained in paragraph "76" of Plaintiff's First Amended Complaint.

88.     Defendants admit the allegations contained in paragraph "77" of Plaintiff's First Amended Complaint.

89.     Defendants admit the allegations contained in paragraph "78" of Plaintiff's First Amended Complaint.

90.     Defendants deny the allegations contained in paragraph "79" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

91.     Defendants deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "80" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

92.     Defendants deny the allegations contained in paragraph "81" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

93.     Defendants deny the allegations contained in paragraph "82" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

**AS AND FOR AN ANSWER TO COUNT SIX**

94.     In response to paragraph "83" of Plaintiff's First Amended Complaint, Defendants repeat, reiterate, and reallege each and every response as previously set forth in paragraphs "1" through "93" above with the same force and effect as if fully set forth herein.

95.     Defendants admit the allegations contained in paragraph "84" of Plaintiff's First Amended Complaint.

96.     Defendants deny the allegations contained in paragraph "85" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

97.     Defendants deny the allegations contained in paragraph "86" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

98.     Defendants deny the allegations contained in paragraph "87" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

99.     Defendants deny the allegations contained in paragraph "88" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

## AS AND FOR AN ANSWER TO COUNT SEVEN

100.    In response to paragraph "89" of Plaintiff's First Amended Complaint, Defendants repeat, reiterate, and reallege each and every response as previously set forth in paragraphs "1" through "99" above with the same force and effect as if fully set forth herein.

101.    Defendants admit the allegations contained in paragraph "90" of Plaintiff's First Amended Complaint.

102.    Defendants deny the allegations contained in paragraph "91" of Plaintiff's First Amended Complaint and refer this Honorable Court to the text of NYCHRL 8-107(13) for its contents.

103.    Defendants deny the allegations contained in paragraph "92" of Plaintiff's First Amended Complaint and refer this Honorable Court to the text of NYCHRL 8-107(13) for its contents.

104.    Defendants admit the allegations contained in paragraph "93" of Plaintiff's First Amended Complaint.

105.    Defendants deny the allegations contained in paragraph "94" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

106.    Defendants deny the allegations contained in paragraph "95" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

107.    Defendants deny the allegations contained in paragraph "96" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

108.    Defendants deny the allegations contained in paragraph "97" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

109.    Defendants deny the allegations contained in paragraph "98" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

## AS AND FOR AN ANSWER TO COUNT EIGHT

110.    In response to paragraph "99" of Plaintiff's First Amended Complaint, Defendants repeat, reiterate, and reallege each and every response as previously set forth in paragraphs "1" through "109" above with the same force and effect as if fully set forth herein.

111.    Defendants admit the allegations contained in paragraph "100" of Plaintiff's First Amended Complaint.

112.    Defendants deny the allegations contained in paragraph "101" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

113.    Defendants deny the allegations contained in paragraph "102" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

114.    Defendants deny the allegations contained in paragraph "103" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

115.    Defendants deny the allegations contained in paragraph "104" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

116.    Defendants deny the allegations contained in paragraph "105" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

117.    Defendants deny the allegations contained in paragraph "106" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

118.    Defendants deny the allegations contained in paragraph "107" of Plaintiff's First Amended Complaint and respectfully refer all questions of law to this Honorable Court.

### AS AND FOR AN ANSWER TO PLAINTIFF'S "WHEREFORE" CLAUSE

Defendants deny all allegations and any claim for relief set forth in the "WHEREFORE" clause to Plaintiff's Complaint, including sub-paragraphs "A" through "J" and specifically deny that Plaintiff is entitled to any of the relief he seeks.

### AS AND FOR AN ANSWER TO "DEMAND FOR A JURY TRIAL"

Defendants admit that Plaintiff requests a jury trial on all issues to be tried but, except as so admitted, deny that Plaintiff is entitled to a trial by a jury and deny all remaining allegations set forth in the "DEMAND FOR A JURY TRIAL" clause of Plaintiff's First Amended Complaint.

### GENERAL DENIAL

Defendants deny all claims and allegations not unequivocally admitted herein.

### AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have. Defendants reserve the right to

16

assert additional defenses as they may become known during the course of discovery and trial preparation or otherwise.

## FIRST DEFENSE

The First Amended Complaint should be dismissed, in whole or in part, to the extent it fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Any and all actions taken by Defendants were taken for legitimate, nondiscriminatory, non-retaliatory reasons, and would have been taken regardless of Plaintiff's disability and/or perceived disability and/or any alleged protected activity.

## THIRD DEFENSE

At all times relevant hereto, Defendants acted reasonably and in good faith toward Plaintiff and have not violated any rights held by Plaintiff under any federal, state, or local laws, rules, regulations, or guidelines.

## FOURTH DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, to the extent Plaintiff failed to make good faith efforts to mitigate his purported damages and injuries.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because he unreasonably failed to take advantage of Defendants' preventive or corrective opportunities or to avoid harm otherwise.

## SIXTH DEFENSE

Plaintiff's claims are barred and/or any recovery of damages is precluded, in whole or in part, because Defendants exercised reasonable care to prevent and promptly correct any alleged discriminatory or retaliatory behavior.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver and/or other equitable defenses.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not suffer any damages attributable to any allegedly wrongful conduct by Defendants and/or any damages or injuries were caused by Plaintiff's own conduct or the conduct of third parties.

## NINTH DEFENSE

Plaintiff's claims should be dismissed to the extent Plaintiff did not satisfy all jurisdictional prerequisites or conditions precedent to suit.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the after-acquired evidence doctrine.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff could not perform the essential functions of his job with or without a reasonable accommodation and/or Plaintiff was not an otherwise qualified individual with a disability within the meaning of the ADA, the NYSHRL or the NYCHRL.

## TWELFTH DEFENSE

To the extent that Plaintiff's claims are compensable, in whole or in part, under any State's Workers' Compensation Law, those claims are barred by the exclusive remedy provision contained in said Workers' Compensation Law.

**THIRTEENTH DEFENSE**

To the extent that Plaintiff sought accommodations beyond those offered to him by Defendants, such accommodations were unreasonable and would have imposed an undue hardship.

**FOURTEENTH DEFENSE**

Plaintiff is not entitled to recover any punitive damages against Defendants because, *inter alia*, Defendants acted in good faith and did not commit, ratify, authorize or acquiesce in any malicious, willful, or reckless acts or omissions.

**FIFTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent they were not filed within the applicable statute of limitations and/or administrative filing periods.

**SIXTEENTH DEFENSE**

At no time did Defendants engage in discriminatory or harassing conduct.

**SEVENTEENTH DEFENSE**

At no time did Defendants engage in retaliatory conduct.

**EIGHTEENTH DEFENSE**

Defendants allege that Plaintiff's claims are barred to the extent that Defendants took immediate and appropriate corrective action to prevent any alleged discriminatory conduct from occurring and, even if any decisions concerning Plaintiff were based in part on discriminatory grounds (which Defendants deny), Defendants would have reached the same decisions absent any alleged discrimination.

**NINETEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Defendants engaged in the interactive process with Plaintiff.

## TWENTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff was provided reasonable accommodations.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, because he failed to cooperate in good faith in the interactive process.

## TWENTY-SECOND DEFENSE

At all times relevant to the allegations in the First Amended Complaint, Defendants had an effective policy for the prevention and correction of unlawful practices, and exercised reasonable care to prevent and promptly correct any unlawful practices. Notwithstanding the existence of this policy, Plaintiff unreasonably failed to utilize it in connection with the allegations of unlawful practices asserted in the Complaint.

## TWENTY-THIRD DEFENSE

Defendants did not aid, abet, ratify, condone, encourage or acquiesce in any alleged discriminatory or retaliatory conduct.

## TWENTY-FOURTH DEFENSE

Plaintiff fails to state a claim for retaliation under the FMLA, ADA, NYSHRL or NYCHRL, as Plaintiff cannot demonstrate that he engaged in statutorily protected activity, or that any alleged statutorily protected activity was the "but for" reason for any cognizable adverse action against him.

## TWENTY-FIFTH DEFENSE

There is no casual connection between any exercise of protected rights by Plaintiff and any adverse employment action that he might have suffered.

## TWENTY-SIXTH DEFENSE

Plaintiff's own conduct and negligence contributed to Plaintiff's alleged injuries.

## TWENTY-SEVENTH DEFENSE

Plaintiff fails to state a claim because he did not request a disability accommodation, or otherwise provide Defendant with information based on which Defendant knew or had reason to know that Plaintiff required an accommodation.

## TWENTY-EIGHTH DEFENSE

Defendant reasonably engaged in the interactive process as required under the ADA, NYSHRL, or NYCHRL. Any breakdown in the interactive process was caused by Plaintiff, as Plaintiff did not provide the requisite information and/or documentation demonstrating the need for any accommodation, thereby himself failing to participate in the interactive process.

## TWENTY-NINTH DEFENSE

Plaintiff exhausted his FMLA leave and abandoned his position.

## **JURY DEMAND**

Defendants demand a trial by jury on all triable issues of fact.

**WHEREFORE**, Defendants respectfully request that this Court:

a.  Dismiss Plaintiff's First Amended Complaint in its entirety, with prejudice;

b.  Deny each and every demand, claim, and prayer for relief contained therein;

c.  Award Defendants reasonable attorneys' fees and costs incurred in defending against this action; and

d.  Grant such further relief to Defendants as the Court deems just and proper.

20

Dated: New York, New York
　　　　December 23, 2021

　　　　　　　　　　　　　Yours, etc.,

　　　　　　　　　　　　　**LEWIS JOHS AVALLONE AVILES, LLP**
　　　　　　　　　　　　　*Attorneys for Defendants*
　　　　　　　　　　　　　*EAST ROCKAWAY CENTER LLC d/b/a LYNBROOK*
　　　　　　　　　　　　　*RESTORATIVE THERAPY & NURSING, YIDDY EISEN*
　　　　　　　　　　　　　*and ANDRZEJ "ANDREW" URBANIAK*
　　　　　　　　　　　　　61 Broadway, Suite 2000
　　　　　　　　　　　　　New York, New York 10006
　　　　　　　　　　　　　(212) 233-7195

　　　　　　　　By:　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　**Kevin D. Clinton, Esq. (KC2720)**
　　　　　　　　　　　　　LJAA File No.: 0406.1001.NY00

TO:　　**Via ECF and Electronic Mail Delivery**
　　　　　Jonathan@shalomlawny.com
　　　　　Jonathan Shalom, Esq.
　　　　　SHALOM LAW, PLLC
　　　　　*Attorneys for Plaintiff*
　　　　　105-13 Metropolitan Avenue
　　　　　Forest Hills, New York 11375-6737
　　　　　(718) 971-9474

## <u>AFFIRMATION OF SERVICE</u>

I, Kevin D. Clinton, Esq., affirm under penalty of perjury that, on December 23, 2021, I served a copy of the within **ANSWER with JURY DEMAND** upon Plaintiff, via ECF and via electronic mail to Plaintiff's attorneys, at the following address:

Jonathan@shalomlawny.com
Jonathan Shalom, Esq.
SHALOM LAW, PLLC
*Attorneys for Plaintiff*
105-13 Metropolitan Avenue
Forest Hills, New York 11375-6737
(718) 971-9474

_____
**Kevin D. Clinton, Esq. (KC2720)**
LJAA File No.: 0406.1001.NY00

22