UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------X

JUSTIN VASQUEZ,                                            **SCHEDULING ORDER**

        Plaintiff,                                   21-CV-4916 (ARR)(TAM)

  v.


EAST ROCKAWAY CENTER LLC ET AL. ,

        Defendant.

-----------------------------------------------------X

MERKL, United States Magistrate Judge:

**The parties shall file all future submissions electronically and will only receive correspondence from the Court electronically. It is the responsibility of the parties to confirm that their contact information and e-mail addresses are correct at the time of filing the complaint or answer, as well as to regularly monitor the status of their cases in order to avoid missing court appearances or deadlines set by the Court.**

The parties are directed to appear for an INITIAL CONFERENCE on **February 3, 2022** at **12:00 p.m.** before United States Magistrate Judge Taryn A. Merkl. The parties are directed to call the toll-free number **(877) 336-1839**. The access code is **3914302**. **Counsel for all parties must be present.**

**Plaintiff's counsel is respectfully directed to confirm with defendant's counsel that all necessary participants are aware of this conference.** In the event an answer or notice of appearance by defendant's counsel has not yet been filed at the time this Order is received, plaintiff's counsel is to notify counsel for the defendant of this conference. **Requests for adjournments will not be considered unless made at least forty-eight (48) hours before the scheduled conference.**

I.    **Rules Governing Discovery**

**Prior to the conference, the parties are to comply with the requirements of Fed. R. Civ. P. 26(f).** As required by the Federal Rules of Civil Procedure, counsel shall, as soon as possible and in any event at least five days before the Initial Conference, meet to discuss the nature and basis of their claims and defense, the possibilities for a prompt settlement, arrangements for their initial disclosures under Rule 26(a)(1), and the contents of a proposed discovery plan, including the matters set forth in Rule 26(f)(3)(A)-(F). *See* Fed. R. Civ. P. 26(f).

Counsel shall also discuss (1) the scope of any anticipated electronic discovery, the preservation of electronically stored data, and the cost of locating, maintaining and producing that data; (2) whether any party will rely upon expert testimony, and if so, whether counsel are able to reach an agreement on how material exchanged between counsel and any expert witness will be treated, and in particular, whether draft expert reports and written and electronic communications between expert witnesses and counsel will be retained; and (3) the scope of any anticipated protective order, including whether to address inadvertent disclosure of privileged information therein, pursuant to Rule 502 of the Federal Rules of Evidence.

**Automatic disclosures under Rule 26(a)(1) are required.** At least two days prior to the conference, the parties shall also exchange the names and, if known, the addresses and telephone numbers of persons who are likely to have knowledge of discoverable information relevant to disputed facts, and otherwise comply with all of the automatic disclosure requirements in Rule 26(a)(1) of the Federal Rules of Civil Procedure.

Additional discovery may commence prior to the initial conference. Parties may serve document requests prior to the Rule 26(f) conference, and the requests are deemed served on the date of the conference. *See* Fed. R. Civ. P.  26(d)(2) and 34(b)(2)(A).

## II.   Preparation of a Discovery Plan

To assist in this process, the Court has included in this Order a Case Management Worksheet that must be completed and submitted to the Court via ECF, at least seven (7) days prior to the conference. The Worksheet sets forth a date for completion of all discovery. The parties are directed to establish reasonable interim discovery deadlines to meet the needs of their case.

**Phase I Discovery** consists of the information that parties believe needs to be exchanged before a reasoned settlement discussion can take place. In some cases this may consist of the initial disclosures; in other cases, more extensive exchanges of information may be required. This phase of discovery should be tailored to avoid expense and delay and with the recognition that parties may have to consider resolution with incomplete information. This phase of discovery will presumptively require no more than 60 days. **Phase II Discovery** represents the balance of discovery required to prepare for trial.

At the conference, the Court will consider the parties' suggested deadlines and, upon consideration of the rules and practices of the assigned District Judge, enter an appropriate scheduling order. Should the parties believe the case requires a non-phased discovery approach, the parties shall submit a full report as required under Rule 26 and a proposed schedule for the Court's consideration. Once a scheduling order has been entered, discovery deadlines will be enforced and amendments to the schedule will be considered only for good cause.

As required by Local Civil Rule 26.4, the parties and counsel are expected to work cooperatively during all aspects of discovery including in matters relating to scheduling and timing of various discovery procedures.

### III. Initial Conference

To ensure that the initial conference is meaningful and serves its purpose under the Federal Rules of Civil Procedure, an attorney who has entered an appearance on ECF and who is familiar with the details of the case must appear at the initial conference. The Court does, however, encourage the participation of relatively inexperienced attorneys, provided that they possess the authority to commit to a discovery schedule.

Counsel shall be fully prepared to discuss this matter and any questions regarding this case, including jurisdiction, venue, schedules for discovery and for trial, and settlement. At the initial conference, counsel shall be prepared to stipulate to facts as to which there is no genuine dispute: e.g., the time and place of events that are the subject of the litigation, the owners and operators of the instrumentalities or property involved, the status of the parties, the extent of any insurance coverage and whether required administrative procedures have been followed, required notices given, and reports made.

The parties should review the attached information sheet regarding the Court's Alternative Dispute Resolution Program.

### IV. Production of Documents and Privilege Logs

The parties are reminded of their responsibilities regarding the production of documents under Fed. R. Civ. P. 34(b)(2)(E). Should a party withhold documents on grounds of privilege, such party must provide a privilege log that sets forth the information required by Local Civil Rule 26.2(a)(2)(A).

### V. Individual Rules

It is the responsibility of the parties to comply with the Individual Rules of the District Judge assigned to this case, including those relating to sealed documents, pro se parties, and courtesy copies.

SO ORDERED.

Dated: Brooklyn, New York
December 27, 2021

/s/ *Taryn A. Merkl*
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE

Case Name: _____    Case Number: __-CV-_____(___) (TAM)

| CASE MANAGEMENT WORKSHEET | |
|---|---|
| Preparation for Initial Conference | |
| **Rule 26(f) conference held?** | Date: |
| **Deadline for Rule 26(a) initial disclosures and any HIPAA-compliant records authorizations:** | |
| **Procedures discussed for producing Electronically Stored Information (ESI)?** | Yes ☐   No ☐   N/A |
| **Confidentiality Order to be submitted for Court approval?** | Yes ☐   No ☐   N/A |
| **Anticipated number of depositions:** | Plaintiff(s):<br>Defendant(s): |
| **First requests for production of documents and for interrogatories due by:** | |
| Proposed Deadlines for Pre-Settlement Discovery (Phase I) | |
| **Agreed upon completion date for Phase I Discovery:**<br>(Reciprocal agreed upon document production and other discovery necessary for a reasoned consideration of settlement. Presumptively 60 days after Initial Conference.) | |
| **Date for pre-settlement conference:**<br>(Parties should propose a date approximately 10-15 days after the completion of Phase I Discovery, subject to the Court's availability.) | |
| Proposed Deadlines for Discovery and Motion Practice (Phase II) | |
| **Motion to join new parties or amend the pleadings:**<br>(Presumptively 15 days post initial settlement conference) | |
| **All fact discovery completed by:**<br>(Presumptively 3.5 months post first requests for documents/interrogatories) | |
| **Joint status report certifying close of fact discovery:** | |
| **Anticipated number of expert reports:** | Plaintiff(s):<br>Defendant(s): |

| | |
|---|---|
| **Exchange of expert disclosures completed by:**<br>(Presumptively 30 days after fact discovery) | |
| **Expert depositions completed by:**<br>(Presumptively 30 days after initial expert disclosures) | |
| **Exchange of rebuttal expert disclosures by:**<br>(Presumptively 30–45 days after initial expert disclosures) | |
| **All expert discovery completed by:** | |
| **CERTIFICATION OF THE COMPLETION OF ALL DISCOVERY BY:**<br>(Presumptively 9 months after Initial Conference) | |
| **Final date to take first step in dispositive motion practice:**<br>(Parties are directed to consult the District Judge's Individual Rules regarding such motion practice. Presumptively 30 days post completion of all discovery.) | |
| **Do the parties wish to be referred to EDNY's mediation program pursuant to Local Rule 83.8?** | Yes ☐   No ☐ |
| **Do the parties consent to trial before a Magistrate Judge pursuant to 28 U.S.C. § 636(c)?**<br>(The fillable consent form may be found at https://www.uscourts.gov/forms/civil-forms/notice-consent-and-referencecivil-action-magistrate-judge. Consenting does not affect a party's right to a jury trial.) | Yes ☐   No ☐ |

SO ORDERED:

_____                                            _____
**TARYN A. MERKL**                                                                       **DATE**
United States Magistrate Judge

# Eastern District of New York
## Alternative Dispute Resolution Program

Robyn Weinstein, ADR Administrator
t. 718.613.2578
c. 917.796.6244
Robyn_Weinstein@nyed.uscourts.gov

Rita Credle, Arbitration Clerk
t. 718.613.2325
Rita.Credle@nyed.uscourts.gov

## ADR at the EDNY

The Eastern District ADR office offers court annexed mediation and arbitration services to litigants.  ADR services are administered by Robyn Weinstein, the ADR Administrator here at the Eastern District.

## Mediation

Established in 1992, the mediation program at the Eastern District of New York consists of a panel of more than two hundred and fifty mediators with varying specialties and areas of expertise.  Cases are referred to mediation by judges or by party request at any time before the disposition of the case.

Mediation is a confidential process in which parties and counsel meet with a neutral third party who is trained in settling disputes.  Mediation provides an opportunity to explore a wide range of potential solutions and to address interests that may be outside the scope of the stated controversy or which could not be addressed by judicial action. If a settlement is not reached during the mediation session, parties may proceed to trial with all appellate rights preserved.

Mediators obtained through the court annexed mediation program offer their services at a reduced rate of $600.00 for the first four hours, and $250.00 per hour for each hour thereafter.  Mediators do not charge for any time spent in preparation of the mediation session.

**Court annexed mediation at the EDNY is governed by Local Civil Rule 83.8.**

## Hurricane Sandy Mediation Panel

The Court also established a Hurricane Sandy Mediation program, as a means to resolve the litigation surrounding insurance claims filed by those affected by the super storm.

The EDNY maintains a list of neutrals who are trained and qualified to assist parties in resolving matters related to damage caused by Hurricane Sandy.

## Representation in Mediation

The EDNY has a long standing tradition of providing pro bono legal assistance to pro se litigants.  The EDNY ADR Program administers a representation in mediation program which provides pro se litigants with claims of employment discrimination an opportunity to obtain counsel for the limited purpose of mediation.  In these cases, EDNY mediators who mediate these claims serve pro bono.

## Arbitration

The EDNY arbitration program was established in 1986 and is one of ten districts with a mandatory Court-Annexed Arbitration program.

At the EDNY a case is automatically referred to arbitration where money damages do not exceed $150,000.  There is an exception to the mandatory referral for cases involving social security, tax matters, prisoners' civil rights and any action based on an alleged violation of a right secured by the Constitution of the United States or if jurisdiction is based in whole or in part on Title 28, U.S.C. § 1343.

Arbitration is a process where a neutral third-party arbitrator will adjudicate the dispute in an expedited manner.  Arbitrations are heard by one qualified arbitrator, unless one or more parties request a panel of three.  The arbitration hearings usually take place within six months of the filing of the answer, and the Federal Rules of Evidence serve as guidelines but are not rigidly enforced. At the conclusion of the arbitration hearing the arbitrator will issue an award in favor one party, which will be binding, unless one of the parties requests a trial de novo.

**Court Annexed Arbitration at the EDNY is governed by Local Civil rule 83.7**

*For more information about the EDNY ADR Program visit https://www.nyed.uscourts.gov/alternative-dispute-resolution*